# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

RODNEY MARTIN,
JOHN DOE, 1 thru 5, and,
JANE DOE, 1 thru 5,
          Plaintiff(s),

v.

CASE NO: CV 07 5747

EMC

D. ANDREW BYRNE,
JACKSON W. MAYNARD, JR.,
MATTHEW D. SAWYER,
JANELLE SKINNER-WEILL,
WINAN' WICHAPI TO, INC.,
THEODORE C. WEILL,
TERRY P. WEILL,
UNIVERSAL WEARPARTS, INC.,
DAVID C. RICHARDSON,
R.I. REFRIGERATION SUPPLY CO., INC.,
CHARLES FOSTER,
REBECCA FOSTER,
RUBEN HERNANDEZ, and,
BEVERLY KENNEDY,
JOHN DOES 1-5
JANE DOES 1-5
XYZ CORPORATIONS 1-5

          Defendants.
_____/

## COMPLAINT FOR JURY TRIAL
### FOR DAMAGES AND FOR INJUNCTIVE RELIEF
### FOR CIVIL VIOLATIONS OF THE RACKETEER INFLUENCED
### AND CORRUPT ORGANIZATIONS ACT

**COMES NOW**, your Plaintiff, *Pro Se*, respectfully filing this complaint requesting a jury trial seeking general,

compensatory and punitive damages and injunctive relief, and says for the record the following:

### I.    JURISDICTION



1. This court has jurisdiction over the subject matter and the persons in controversy pursuant to

Civil RICO remedies at **18 U.S.C. § 1964**, *et seq.*, the Hobbs Act at **18 U.S.C. § 1951**, *et seq.*, diversity of citizenship at **28 U.S.C. § 1332**, *et seq.*, and the pattern of illicit activities and enterprises described herein include those carried out within the northern district of the State of California. The amount in controversy exceeds the minimum required at **28 U.S.C. § 1332(a)**, *et seq.* Venue is proper within this Court.

## II.    PARTIES AND SERVICE

2.  Plaintiff Rodney Martin is a California, property owner and taxpayer with business operations in El Cerrito in the County of Contra Costa in the State of California and within the Northern District of California in the jurisdiction of this Court.

3.  Defendant D. Andrew Byrne has greatly benefited monetarily from his involvement in the allegations contained herein; and his current address is 666 Fifth Avenue, New York City, New York 10103.

4.  Defendant Jackson W. Maynard, Jr. has greatly benefited monetarily from his involvement in the allegations contained herein; and his current address is Department of Transportation – Tallahassee Florida, State of Florida, 605 Suwannee Street – STE MS58, Tallahassee, Florida 32399.

5.  Defendant Matthew D. Sawyer has greatly benefited monetarily from his involvement in the allegations contained herein; and his current address is 1919 S. Shiloh, Suite 650, LB 25, Garland, Texas 75042.

6.  Defendant Janelle Skinner-Weill has willfully acted as a primary kingpin in her individual capacity and in her capacity as Chief Executive Officer of Winan' Wichapi To, Inc., a for-profit business corporation, in the transfer of hundreds-of-thousands of unreported dollars between and among the defendants under the guise of one or more unincorporated associations; and her

2

current address is HC 75, Box 222, P.O. Box 89,

Merriman, in Cherry County, Nebraska 69218.

7.  Defendant Winan' Wichapi To, Inc., a for-profit business corporation, is one of the three

business entities used as engines to finance the illicit enterprise conducted under the guise of

one or more unincorporated associations; and its current address is HC 75, Box 222, P.O. Box

89, Merriman, in Cherry County, Nebraska 69218. Service on defendant Wian' Wichapi Inc

can be effected by service upon Jannelle Skiner Weill.

8.  Defendant Theodore C. Weill has willfully acted as a primary kingpin in hisindividual

capacity as president for Universal Wearparts, Inc., a for-profit business corporation, in the

transfer of hundreds-of-thousands of unreported dollars between and among the defendants

under the guise of one or more unincorporated associations; and his current address is 142 Old

Highway 98 West, Tylertown, Mississippi 39667.

9.  Defendant Terry P. Weill has willfully acted as a main conduit in his capacity as secretary

and treasurer for Universal Wearparts, Inc., a for-profit business corporation, in the transfer of

hundreds-of-thousands of unreported dollars between and among the defendants under the

guise of one or more unincorporated associations; and his current address is 142 Old Highway

98 West, Tylertown, Mississippi 39667.

10. Defendant Universal Wearparts, Inc., a for-profit business corporation, is one of the three

business entities used as engines to finance the illicit enterprise conducted under the guise of  or

more unincorporated associations; and its current address is 142 Old Highway 98 West,

Tylertown, Mississippi 39667. Service upon Universal Wearparts can be processed by serving

3

Terry Weil and or Theodore Weill.

11. Defendant David C. Richardson has willfully acted as a main conduit in his capacity as Chief Executive Officer of R.I. Refrigeration Supply Co., Inc., a for-profit business corporation, in the transfer of hundreds-of-thousands of unreported dollars between and among the defendants under the guise of one or more unincorporated associations; and his current address is 199 Branch Avenue, Providence, Rhode Island 02904.

12. Defendant R.I. Refrigeration Supply Co., Inc., a for-profit business corporation, is one of the three business entities used as engines to finance the illicit enterprise conducted under the guise of one or more unincorporated associations; and its current address is 199 Branch Avenue, Providence, Rhode Island 02904. Service can be processed on defendant R.I. Refrigeration Supply Co. Inc by serving David C. Richardson.

13. Defendant Charles Foster has purportedly declared himself to be both the chairman of a national unincorporated association, and the vice-chairman of a state unincorporated association, to further this enterprise pursuant to his involvement in the allegations contained herein; and his current address is 718 Briarwood Street, P.O. Box 3236, Abilene, Texas 79604.

14. Defendant Rebecca Foster has jointly shared in this enterprise along with her husband, Charles Foster, pursuant to their involvement in the allegations contained herein; and her current address is 718 Briarwood Street, P.O. Box 3236, Abilene, Texas 79604.

15. Defendant Ruben J. Hernandez, Jr. has purportedly declared himself to be the vice-chairman of a national unincorporated association, to further this enterprise pursuant to his involvement in the allegations contained herein; and his current address is 309 Exeter Street, Oldsmar, Florida 34667.

4

16.  Defendant Beverly Kennedy has purportedly declared herself to be the treasurer of a national unincorporated association, and the chairman of a state unincorporated association, to further this enterprise pursuant to her involvement has been key, especially in financial elements in the allegations contained herein; and her current address is 3961 Merrill Road, Dallas, Texas 75229.

17. Service of all Defendants can be affected by Registered Mailing, Return Receipt Requested, via the United States Postal Service pursuant to Fed. R. Civ. R. 4, *et seq.*; or in the case of a corporation service can be rendered through the respective Office of the Secretary of State.

### III.    **CAUSE OF ACTION**

#### a.  **Applicable to all Defendants**

22.  Each of the aforementioned Defendants have engaged in a pattern of illicit activities designed to disrupt and deny the Plaintiff of his civil liberties and  duties by continued wrongful use of action, harassment and intimidation via wrongful use of action, malicious prosecution, vexatious litigation, and fear inducing extortion constituting violations of Civil RICO Statutes as outlined in the civil provision of **Chapter 96, Title 18, U.S.C. codified at 18 U.S.C. § 1961-1968, *et seq*.**, that specifically authorizes the seeking of relief for actual and consequential damages and other relief which the Court deems just.

23.  All of the named individual Defendants in this complaint are persons who specifically participated in a pattern of illicit activities in violation of federal law outlined in the RICO Statutes, **18 U.S.C. § 1961**, *et seq*., and the extortion of obtaining property under fear of economic harm as outlined in the Hobbs Act, **18 U.S.C. § 1951**, *et seq.*, that has resulted in harm and violation of the civil rights of the Plaintiff.  Those Defendants identified as for-profit business corporations are entities owned by the

5

respective-named individual Defendants who used these entities as primary financial resources to engage in the unlawful activities, much like *Mafia* entities used various business entities *as engines* for illicit activities that caused harm to the Plaintiff as outlined in this complaint. In the case of Defendant Theodore C. Weill, he has documented financial ties to convicted felon Lyndon LaRouche; and consequently these Defendants have used *"LaRouche-type"* tactics to harm, interfere, and prevent the Plaintiff from carrying out his lawful duties and activities.

24. This case is a complex civil case for RICO remedies authorized by federal statutes including, but not limited to the recovery of legal fees, court costs, and any additional costs and fees the Court deems just. The Plaintiff also seeks general, compensatory and punitive damages as a result of these Defendants fraudulent, tortuous, harassing, wrongful use of action, malicious prosecution, and fear inducing extortion. Plaintiff also seeks injunctive relief to enjoin these Defendants from continued activities outlined in this complaint that will be addressed at Trial.

25. A major component of these Defendants' scheme and thus wrongful enterprise in violation of RICO, is and has been the use of names of unincorporated associations, whether duly registered or not, as vehicles to engage in wrongful use of action, fear inducing extortion as defined in RICO and Hobbs, and their attempt to shield themselves from accountability. Three of the named Defendants are attorneys, D. Andrew Byrne, Jackson W. Maynard, Jr., and Matthew D. Sawyer who willfully joined in the illicit activities, similar to attorneys who joined in activities with *Mafia* entities who were later declared by courts of law as part of conspiracies and RICO activities, including the submission of fallacious materials in court proceedings to perpetuate their wrongful use of action. Accordingly, as participants in the unlawful and wrongful activity, and pursuant to their personal and continuing financial gain, these officers of the court cannot claim attorney/client privilege during discovery since they willfully participated in the pattern of unlawful activity and have profited. Defendants D. Andrew Byrne, Jackson W. Maynard, Jr., and Matthew D. Sawyer have profited in varying degrees to untold

6

and unreported hundreds-of- thousands of dollars fraudulently obtained in the name of *"associations"* that if registered were legally bound to report such income and expenditures; however no such legal registration or reporting has ever been filed with the requisite Federal or State Agencies. This will clearly be proven during discovery and at Trial.

26. Each Defendant in this complaint, as they became part of this enterprise, has participated in widespread wrongful activity that has caused harm and damage to the Plaintiff and others for a period encompassing and/or extending back to 1999 that has crossed state lines and conspired to continue to participate in activities that are in violation of RICO Statutes, including Extortion as defined by **18 U.S.C. 1951**, *et seq.,* Mail Fraud as defined by **18 U.S.C. 1341**, *et seq.,* and Bank Fraud as defined by **18 U.S.C. 1344**, *et seq.,*. Additional violations include those of the **Internal Revenue Service Code** as well. And in the case of Defendant Beverly Kennedy, the multiple filings of false financial reports with the **Federal Election Commission**. All of the named Defendants' actions in this complaint have resulted in damages and harm to the Plaintiff as well as violations of the Plaintiff's civil liberties, specifically, constitutional rights of association and speech.

### b.  Predicate Acts of Defendants

27. Dating back to 23 July 1999, Defendant Beverly Kennedy can be traced to a pattern of activities whereby she became a *"kingpin"* in an organized effort to disrupt an unincorporated association, including profiting through personal enurement from the misappropriation of Federal Funds through her position on a subcommittee that resulted in a judgment against the unincorporated association in excess of $333,558.00, plus interest, upheld by the 11th Circuit Court of Appeals on 1 March 2007. She was joined in this effort by Defendant Matthew D. Sawyer and others.

7

28. On or about 28 December 1999, Defendant Beverly Kennedy announced herself as *"secretary"* of an organized effort that on 17 February 2000 became a North Carolina for-profit business corporation that actively engaged in the disruption of an unincorporated association. No financial records were reported as required by State law. She was joined in this wrongful enterprise by Defendants Matthew D. Sawyer, Theodore C. Weill, Eric N. Weill, Terry P. Weill, Universal Wearparts, Inc., Charles Foster, Rebecca Foster and Ruben Hernandez.

29. Beginning on or about 27 March 2000, Defendant Beverly Kennedy in association with others named and unnamed in this complaint began a pattern of vexatious lawsuits, as wrongful use of action, that continued into a string of vexatious lawsuits filed in 2001, 2002, 2004, 2005 and 2007. She was joined in this enterprise by these respective Defendants: 2001 > Charles Foster and Rebecca Foster; 2002 > Janelle Skinner-Weill, Theodore C. Weill, Eric N. Weill, Terry P. Weill, Universal Wearparts, Inc., David C. Richardson, R.I. Refrigeration Supply Co., Inc., Charles Foster, Rebecca Foster, and Ruben Hernandez; 2004 > All the Defendants including D. Andrew Byrne and his law partner Jackson W. Maynard, Jr. joining the enterprise; 2005 > All the Defendants; and 2007 > All the Defendants.

30. In 2004, these Defendants demands of a registered unincorporated association in Michigan or face fear of economic harm. Included in this illicit activity was Defendants Charles Foster, Rebecca Foster, Beverly Kennedy and David C. Richardson who jointly and falsely claimed to represent one or more unincorporated associations, the solicitation of funds from the public, and their failure to file the requisite financial records with the respective government agencies.

31. The vexatious lawsuits of 2005 and 2007 have been specifically directed at the Plaintiff to both disrupt his duties and his civil liberties via fear inducing extortion. In addition, Plaintiff has suffered financial loss in excess of five-hundred-thousand-dollars ($500,000.00), pursuant to the time

and costs consumed in defending himself against these vexatious lawsuits, lost work time, lost business contracts, and general compensatory harm and damages.

32. The primary weapon used by the named Defendants has been wrongful use of action and the threat of wrongful use of action, fear inducing extortion, malicious prosecution and vexatious litigation so as to cause severe emotional, physical and economic hardship in order to subdue the Plaintiff and others into abandoning and to turn over control and property to Defendants Charles Foster, Ruben Hernandez and Beverly Kennedy who have falsely claimed to be national officers, solicited funds from the public, and failed to financially report to requisite government agencies.

33. In a recent vexatious litigation Plaintiff prevailed specifically against those named in the lawsuit as Defendants Charles Foster, Ruben Hernandez, Beverly Kennedy, D. Andrew Byrne and Jackson W. Maynard, Jr. in the United States District Court in the Northern District of Florida, Tallahassee Division. This case was brought thousands of miles away from the Plaintiff's home venue as a means to subject him to the excessive costs of defending the action in a court far away from his home. But the Plaintiff prevailed after nineteen (19) months of Court filings and a week-long trial via a unanimous Jury Verdict on 25 June 2007, in the case styled,, **Case No. 4:05-cv-426-RH/WCS.** Yet even after a Jury Verdict against them, these same Defendants have continued to participate in their harassment, intimidation, fear inducing extortion, wrongful use of action, malicious prosecution, and additional vexatious litigation pursuant to Defendant Matthew D. Sawyer filing yet another similar action in Dallas County, Texas, again thousands of miles away in order to further the pattern of unlawful activities and to deprive the Plaintiff of his civil liberties and causing the Plaintiff further severe injury to his currently poor health and well being. Each of the Defendants is actively engaged in this enterprise, including the financial resources provided by the corporate Defendants.

34. Prior to the actual Jury Trial in Tallahassee, Plaintiff and his family were harassed multiple times via Internet and telephone calls at all hours at both his home and places of business by Defendants Beverly Kennedy, Janelle Skinner-Weill, D. Andrew Byrne, Jackson W. Maynard, Jr., and Charles Foster by threats of economic harm, fear inducing extortion, harassment, and intimidation unless Plaintiff agreed to sign a legal document prepared by Defendant D. Andrew Byrne in which Plaintiff was to agree to turn over authority and property rights to the Defendants that they were not entitled to obtain or possess.   The same demand, including fear of economic harm into the hundreds-of-thousands of dollars, was made against other persons prior to the start of the Tallahassee Trial by Defendant Byrne.  And now that that case is over, Defendant Matthew D. Sawyer has initiated a new vexatious lawsuit in Texas, continued the same pattern, and he too is resorting to fear inducing extortion, harassment, and intimidation with threats of economic harm unless his demands are met, including the sending of facsimiles after properly noticed to cease and desist.  Testimony in the Tallahassee Case confirmed the fear inducing extortion as it was systematically employed by these named-Defendants.

35. Defendants Charles Foster, Ruben Hernandez, Beverly Kennedy and David C. Richardson continue to hold themselves out be national officers, solicit funds from the public, and misuse the name, logo and website of an unincorporated association even after a Jury Verdict in the Tallahassee Federal District Court has ruled these Defendants are invalid, in a case in which Defendant D. Andrew Byrne and Jackson W. Maynard, Jr. are listed as the initiating attorneys of record.  Even so, Defendant Byrne and Defendant Sawyer are continuing to counsel and direct this illicit enterprise fueled by the economic engines of the Defendant for-profit business corporations, under the respective control of Defendants Janelle Skinner-Weill, Theodore C. Weill, Terry P. Weill, and David C. Richardson.

36. A *"pattern of racketeering activity"* is defined to be a pattern that has both continuity and

10

relationship, **18 U.S.C. 1964 (c)**, *et seq.* Through the misuse of the Internet, which reaches into California, the Defendants jointly by association have mislead the public claiming to be national officers when they have been declared by a Jury Verdict to be invalid, and by promoting candidates for public offices on the Internet that were fallacious and non-existent, raised funds in the name of the association without compliance to Federal and State reporting statutes, failed to report all financial transactions, and willfully interfered with Plaintiff's elected duties and ability to comply with Court-mandated requirements.

37. While the pattern of illicit activities has been the wrongful use of action, fear inducing extortion, malicious prosecution, and vexatious litigation as a tool of harassment and intimidation, used by each of these Defendants, whenever Defendant D. Andrew Byrne loses one of these wrongful use of action cases, as he did in Tallahassee on 25 June 2007, he dissolves his law firm, and moves to another state to continue his pattern of activities.

38. The pattern of activity by the Defendants as described herein are very similar to those employed by the Montana Freeman in the 1990's when that extremist group used wrongful use of action to terrorize people in the State of Montana by wrongful use of action and fear inducing extortion and vexatious litigation via numerous frivolous court actions, liens, threats of wrongful use of action, and intimidation. The Defendants in this complaint have engaged in similar tactics against the Plaintiff and others in a persistent campaign of activities that constitutes a *"criminal enterprise"* as defined by RICO.

39. In an effort to conform to **Fed. R. Civ. P. 8** and not to burden the court, the content of this complaint contains a brief outline, within a timeline, as required by Rule 8, which states that the complaint provide only *"a short and plain statement of the claim showing that the pleader is entitled to relief"*. The discovery process will clearly reveal the liability issues against each Defendant and the

merits of this complaint. The summary and timeline contained herein is submitted in order to preclude any anticipated motion to dismiss on the basis of insubstantiality. *"A court must accept as true the allegations of the complaint when ruling on such a motion"*, ***Oladeinde v. City of Birmingham* (11th Cir, 1992).**

40. Plaintiff alleges that *"predicate acts"* under both RICO and the Hobbs Act do establish a pattern of activity in violation of federal law carried out by the illicit enterprise jointly established by the Defendants, via their unlawful use of the names of unincorporated associations. Defendant Beverly Kennedy initiated this most recent pattern of activities on 10 March 2005 when she filed the first of numerous false documents with a Federal Agency.

41. The Defendants' pattern of activities jointly contain a sequence of events that all have the same purpose, one of egregiously, deliberate, calculated, and malicious fraud, extortion, malicious prosecution, vexatious litigation, harassment, intimidation, and violation of civil rights against the Plaintiff and others to prevent them from carrying out their elected duties.

42. The Defendants individually and jointly have used the U.S. Postal System in their activities in violation of **18 U.S.C. 1341**, *et seq.,* which prohibits the use of the U.S. Mail System as an instrument of fraud, conspiracy, and fear inducing extortion.

43. The Defendants individually and jointly have used the telephone, Internet, and facsimile wire services in their activities in violation of **18 U.S.C. 1343**, *et seq.,* which prohibits the use of wire services as an instrument of fraud, conspiracy, and fear inducing extortion.

44. The Defendants' joint tactics of intimidation and wrongful use of action has resulted in the withdrawal and transfer between and among themselves of large amounts of money from the custody of banks, thus violating bank fraud provisions of **18 U.S.C. 1344(d)**, *et seq.,* including the filing of

12

false documents of representation with certain banks and federal agencies as per Defendant Beverly Kennedy claiming to be a *"treasurer"*.

45. The pattern of illicit activities summarized herein, as violations of federal law, as employed against the Plaintiff's and his civil liberties, has caused the Plaintiff, who is disabled and suffers from serious health conditions, severe physical, emotional, and economic damage.

46. The court is noticed that there are John and Jane Does listed as potential Plaintiff's, this is done so as to afford additional Plaintiff's in this jurisdiction who have been victims of the activity complained in this action, the opportunity to participate in the action in the interest of judicial economy.

47.The court is noticed that there are John and Jane Does and XYZ Corporations named as defendants. This has been done as this Plaintiff reserves the right to name additional defendants as their identification becomes available during the course of discovery and as the depth of the RICO activity is uncovered.

## IV.    **RELIEF REQUESTED**

**WHEREFORE**, your Plaintiff has made a good faith effort to balance the necessary requirements of specificity and particularity under **Fed. R. Civ. P. 9(f),** to establish sufficiency of the pleading with the requirements of concision and directness under **Fed. R. Civ. P. 8(e),** all in accordance with **Fed. R. Civ. P. 11**; therefore your Plaintiff respectfully requests relief from any continuing RICO activities in accordance with **18 U.S.C. 1367**, and requests this Honorable Court to grant the following relief:

       a.   General and Compensatory Damages;

       b.   Punitive Damages;

       c.   Recovery of Costs and Fees;

d.  Trial by Jury;

e.  Enjoin the Defendants from further patterns of illicit activities or enterprises that interfere with the lawful duties ascribed to the Plaintiff;

f.  Disgorgement of assets used to facilitate RICO activities, and disgorgement of assets and monetary gain resulting from RICO activities;

g.  Grant general, compensatory and punitive financial recovery in the amount of a minimum of five-hundred-thousand-dollars ($500,000.00) as set forth, to be determined by a jury;

h.  Grant leave for other Plaintiffs similarly harmed to join this action;

i.  Refer this matter, while preserving *"Qui Tam"* rights of Plaintiff, to the civil and/or criminal investigative division of the Office of the United States Attorney, the Federal Bureau of Investigation, the Internal Revenue Service, the Federal Election Commission, and the respective State Bar Association / Disciplinary Committee of Texas, New York, and Florida; and,

j.  Grant all other and further relief, equitable and otherwise, as this case and social justice may require.


Respectfully Submitted By:


_____

**Rodney Martin**
P.O. Box 1591
El Cerrito, California 94530
559.361.5867


## **VERIFICATION**

**STATE OF CALIFORNIA,**

**COUNTY OF <u>CONTRA COSTA</u>, to-wit:**

I, **RODNEY MARTIN**, after first being duly sworn, do hereby affirm and state, under penalty of perjury, that I have read the foregoing document and that the statements of material facts are true to the best of my knowledge and belief, except insofar as they are herein stated to be on information, I believe them to be true.

**Rodney Martin**

14

P.O. Box 1591
El Cerrito, California 94530

**STATE OF CALIFORNIA,**

**COUNTY OF <u>CONTRA COSTA</u>, to-wit:**

I, _____J. Ringgold_____, a notary public of said county, do certify that

**RODNEY MARTIN**, whose name is signed to the writing above bearing date on _8th_ day of

_November_, 2007, has this day, before me, acknowledged said writing under the

penalty of perjury.

Given under my hand this _8th_ day of _November_, 2007.

_____
**NOTARY PUBLIC**

My Commission expires _November 5, 2011_

J. RINGGOLD
COMM. # 1775088
NOTARY PUBLIC - CALIFORNIA
TULARE COUNTY
MY COMM. EXP. NOV. 5, 2011