1  ARLO H. SMITH #96971
2  66 San Fernando Way
3  San Francisco, CA 94127
4  (415) 681-9572
5
6  Attorney for  Matthew D. Sawyer
7
8              U.S. District Court, Northern District of California
9
10 Rodney Martin et al.                    NO. CV 07-05747 EMC
11
12         Plaintiffs                       **NOTICE OF MOTION TO**
13                                          **DISMISS**
14 vs.
15
16                                          **[FRCP 12(b)(1), (2), (3) & (6)]**
17 Wilda Burroughs et al.,
18                                          Hearing:  Jan. 23, 2008
19         Defendants                                10:30 AM
20 _____               Courtroom C
21                                                   Magistrate Chen
22
23         Notice is hereby that on January 23, 2008, at 10:30 AM, Courtroom C,
24
25 15th Floor, 400 Golden Gate Avenue, San Francisco, CA, defendant Matthew D
26
27 Sawyer will move for dismissal of this action, or in the alternative, for abstention
28
29 under the doctrine of forum nonconveniens.
30
31         Said motion will be made on the following grounds:
32
33         (1)     This court lacks subject matter jurisdiction over this dispute,
34
35 which is within the sole jurisdiction of the Federal Election Commission ("FEC")
36
37 FRCP 12 (b) (1).
38
39         (2)     This court lacks personal jurisdiction over defendant, who is a
40
41 resident of Texas and who lacks minimum contacts with CA.  Assuming
42
43 *arguendo*, that minimum contacts did exist California. Would not be a convenient
44
45 forum.   FRCP 12 (b) (2)
46
47         (3)     This court lacks venue over this dispute since no defendant resides

Notice of Motion To Dismiss

1  in CA, and the claim did not arise in CA.   FRCP 12 (b) (3)

3      (4)    Defendant has failed to state a claim upon which relief can be

5  based, including but not limited to the following issues:

7      (a)    The FEC has exclusive jurisdiction over this dispute.

9      (b)    The requisite allegations of distinctive, directness and predicate

11  acts necessary to support a RICO claim are lacking

13      (c )   Defendant has alleged a conspiracy between three attorneys and

15  their clients but has not complied with the pre-filing judicial approval requirements

17  of California  Civil Code 1714.10

19      (d)    The action is barred by California  Code of Civil Procedure Section

21  425.16, since it is brought against defendants for engaging in constitutionally-

23  protected activities, including litigation, and plaintiff cannot factually show a

25  reasonable probability of prevailing on such claims.

27  FRCP 12 (b) (6)

30      DATED: 12/19/07

32                                 _____
                                   ARLO H. SMITH , Attorney for Matthew D.
33                                 Sawyer

Notice of Motion To Dismiss          2

1  ARLO H. SMITH #96971
2  66 San Fernando Way
3  San Francisco, CA 94127
4  (415) 681-9572
5
6  Attorney for  Matthew D. Sawyer
7
8              U.S. District Court, Northern District of California
9
10  Rodney Martin et al.                    NO. CV 07-05747 EMC
11
12            Plaintiffs                    **MEMORANDUM IN SUPPORT**
13                                          **OF  MOTION TO DISMISS**
14  vs.
15
16                                          **[FRCP 12(b)(1), (2), (3) & (6)]**
17  Wilda Burroughs et al.,
18                                          Hearing:  Jan. 23, 2008
19            Defendants                              10:30 AM
20  _____                Courtroom C
21                                                   Magistrate Chen
22
23          **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
24
25
26                              **FACTS**
27
28        This prolix and confusing complaint was filed *in pro se*.
29
30        To the extent that the complaints contains any specifics, it  alleges
31
32  (1)    failure to file or improper filings by defendants with the Federal Elections
33
34  Commission ("FEC") **[Complaint. Para. 26]**  and (2) allegedly vexatious litigation,
35
36  of which the only examples plaintiff gives are actions in TEXAS and FLORIDA
37
38  **[Complaint. Para.  25, 29, 31, 32, 33, 34, 35, 36, 37, 38, 41]**
39
40        The Complaint alleges NO ACTIVITIES by ANY DEFENDANT in California.
41
42        Moreover, NO DEFENDANT resides in CA.   On the contrary, the complaint
43
44  admits that the residences of defendants are as follows:
45
46        **TEXAS** – Matthew D. Sawyer, Charles Foster, Rebecca Foster, Beverly Kennedy
47                  **[Complaint. Para. 5, 13, 14, 15]**

Memorandum In Support of          1
Motion To Dismiss

**NEW YORK** -  D. Andrew Byrne **[Complaint. Para. 3]**

**FLORIDA** – Jackson W. Mayanrd, Jr., Ruben J. Hernandez, Jr. **[Complaint. Para. 4, 15]**

**NEBRASKA** – Janelle Skinner-Weill, Winan Wichapi To, Inc. **[Complaint. Para. 6, 7]**

**MISSISSIPPI** – Theodore C. Weill, Terry P. Weill, Universal Wearparts, Inc. **[Complaint. Para. 8, 9, 10]**

**RHODE ISLAND** -  David C. Richardson, R.I. Refrigeration Supply Co., Inc. **[Complaint. Para. 11, 12]**

The Complaint also specifically alleges that D. Andrew Byrne, Jackson W. Maynard, Jr. and Matthew D. Sawyer are attorneys and are being sued for their activities as attorneys representing clients.  **[Complaint. Para. 25]**

## LEGAL ARGUMENT

### I.      THE FEC HAS EXCLUSIVE JURISDICTION OVER THIS DISPUTE

Though inartfully pleaded, the Complaint is explicit in claiming defendants are allegedly guilty of violations of federal elections laws.  **[Complaint. Para. 26]**

The law is clear that the FEC has EXCLUSIVE jurisdiction over federal campaign finances.   21 USC Sec. 437(e) provides:

Except as provided in section 437g(a)(8) of this title, the power of the Commission to initiate civil actions under Subsection (a)(6) of this section shall be the **exclusive civil remedy** for enforcement of this provisions of this Act.

Emphasis added.    21 USC Sec. 437g (a)(8) allows plaintiff to file a civil action in the **United States Court for the District of Columbia** only if plaintiffs FIRST have exhausted remedies before the FEC.

Since this case was not brought in the United States Court for the District of

Memorandum In Support of                     2
Motion To Dismiss

Columbia, and plaintiff has not alleged exhaustion of remedies before the FEC, the action

must be dismissed for lack of subject matter jurisdiction.

**II.    THE COURT LACKS PERSONAL JURISDICTION OVER
DEFENDANTS, AND CALIFORNIA WOULD BE AN
INCONVENIENT FORM IN ANY EVENT**

The Complaint alleges NO ACTIVITIES by ANY DEFENDANT in California.

Moreover, NO DEFENDANT resides in CA.   On the contrary, the complaint

admits that the residences of defendants are as follows:

**TEXAS** – Matthew D. Sawyer, Charles Foster, Rebecca Foster, Beverly Kennedy
**[Complaint. Para. 5, 13, 14, 15]**

**NEW YORK** -  D. Andrew Byrne **[Complaint. Para. 3]**

**FLORIDA** – Jackson W. Mayanrd, Jr., Ruben J. Hernandez, Jr. **[Complaint.
Para. 4, 15]**

**NEBRASKA** – Janelle Skinner-Weill, Winan Wichapi To, Inc. **[Complaint.
Para. 6, 7]**

**MISSISSIPPI** – Theodore C. Weill, Terry P. Weill, Universal Wearparts, Inc.
**[Complaint. Para. 8, 9, 10]**

**RHODE ISLAND** -  David C. Richardson, R.I. Refrigeration Supply Co., Inc.
**[Complaint. Para. 11, 12]**

Based on plaintiff's OWN PLEADING, minimum jurisdictional contacts

with California are lacking.

Moreover, even assuming such contacts barely existed, California is obviously

an inconvenient forum.   Inconvenience is established by defendants OWN

COMPLAINT.   Said Complaint seeks to attach liability based (1)    failure to file or

improper filings by defendants with the Federal Elections Commission ("FEC")  - which

is in Washington, DC **[Complaint. Para. 26]**  and (2) allegedly vexatious litigation, of

which the only examples plaintiff gives are actions in TEXAS and FLORIDA

**[Complaint. Para. 25, 29, 31, 32, 33, 34, 35, 36, 37, 38, 41]**

Obviously, the convenient forum to try this case would be TX or FL, not CA!

### III.    THE COURT LACKS VENUE OVER THIS ACTION

The Complaint alleges NO ACTIVITIES by ANY DEFENDANT in California.

Moreover, NO DEFENDANT resides in CA.   On the contrary, the complaint admits that the residences of defendants are as follows:

**TEXAS** – Matthew D. Sawyer, Charles Foster, Rebecca Foster, Beverly Kennedy **[Complaint. Para. 5, 13, 14, 15]**

**NEW YORK** -  D. Andrew Byrne **[Complaint. Para. 3]**

**FLORIDA** – Jackson W. Mayanrd, Jr., Ruben J. Hernandez, Jr. **[Complaint. Para. 4, 15]**

**NEBRASKA** – Janelle Skinner-Weill, Winan Wichapi To, Inc. **[Complaint. Para. 6, 7]**

**MISSISSIPPI** – Theodore C. Weill, Terry P. Weill, Universal Wearparts, Inc. **[Complaint. Para. 8, 9, 10]**

**RHODE ISLAND** -  David C. Richardson, R.I. Refrigeration Supply Co., Inc. **[Complaint. Para. 11, 12]**

Based on plaintiff's OWN PLEADING, it is clear that venue will not lie in CA, since venue exists only where "all defendants reside" or where "the claim arose."

28 USC Section 1391 (b).

### IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF

### A.    REQUISITE ALLEGATIONS OF DISTINCTIVE, DIRECTNESS AND PREDICATE ACTS NECESSARY TO SUPPORT A RICO CLAIM ARE LACKING

To state a claim under RICO, plaintiff must plead and prove defendants influenced an "enterprise" SEPARATE FROM the persons alleged to have violated RICO.  *New Beckley vs. International Union (*4th Cir. 1994) 18 F.3d 1161.

Plaintiff has alleged no such separate "enterprise" but merely claims THESE defendants comprise the enterprise!

Secondly, the high court has held that plaintiff must show it was DIRECTLY injured by defendant's RICO violations.  For example, a businessperson cannot sue a competitor under RICO for failing to collect or pay taxes, even if non-payment of taxes gives the competitor an advantage, because the STATE is the DIRECTLY injured party.  *Anza vs. Ideal Steel Supply Corp.* (2006) 126 S.Ct. 1991.

Here, even if defendants REALLY DID file false campaign reports, or bring vexatious suits, defendant never says how PLAINTIFF was injured.

Finally, since plaintiff has repeatedly claimed "fraud" he must comply with the specificity requirements of FRCP 9(b), which requires: "In all averments of fraud or mistake, the circumstances constituting such fraud or mistake must be stated with particularity."  Because plaintiff has failed to do so, he has failed to adequately allege predicate acts to support a RICO claim.

**B.    DEFENDANT HAS ALLEGED A CONSPIRACY BETWEEN THREE ATTORNEYS AND THEIR CLIENTS BUT HAS NOT COMPLIED WITH THE PRE-FILING JUDICIAL APPROVAL REQUIREMENTS OF CALIFORNIA**

The Complaint also specifically alleges that D. Andrew Byrne, Jackson W. Maynard, Jr. and Matthew D. Sawyer are attorneys and are being sued for their activities as attorneys representing clients.   **[Complaint. Para. 25]**

1    California Civil Code 1714.10 generally requires **PRE-FILING JUDICIAL**
2
3    **APPROVAL** for any allegation of conspiracy between an attorney and
4
5    his/her clients:
6
7        (a) No cause of action against an attorney for a civil
8    conspiracy with his or her client arising from any attempt to contest
9    or compromise a claim or dispute, and which is based upon the
10   attorney's representation of the client, shall be included in a
11   complaint or other pleading unless the court enters an order allowing
12   the pleading that includes the claim for civil conspiracy to be
13   filed after the court determines that the party seeking to file the
14   pleading has established that there is a reasonable probability that
15   the party will prevail in the action.  The court may allow the filing
16   of a pleading claiming liability based upon such a civil conspiracy
17   following the filing of a verified petition therefor accompanied by
18   the proposed pleading and supporting affidavits stating the facts
19   upon which the liability is based.  The court shall order service of
20   the petition upon the party against whom the action is proposed to be
21   filed and permit that party to submit opposing affidavits prior to
22   making its determination.  The filing of the petition, proposed
23   pleading, and accompanying affidavits shall toll the running of any
24   applicable statute of limitations until the final determination of
25   the matter, which ruling, if favorable to the petitioning party,
26   shall permit the proposed pleading to be filed.
27
28    (b) Failure to obtain a court order where required by subdivision
29   (a) shall be a defense to any action for civil conspiracy filed in
30   violation thereof.  The defense shall be raised by the attorney
31   charged with civil conspiracy upon that attorney's first appearance
32   by demurrer, motion to strike, or such other motion or application as
33   may be appropriate.  . . .
34
35        "The Legislature enacted section 1714.10 to eliminate frivolous allegations
36
37   of conspiracy between attorneys and clients." *Castro v. Higaki* (1994) 31 Cal.
38
39   App. 4th 350, 356.
40
41        ". . . Civil Code section 1714.10 unambiguously applies to all alleged
42        conspiracies between an attorney and his client. . . . The statute
43        expressly states: '*No* cause of action against an attorney *based upon* a
44        civil conspiracy with his or her client ....' ( Civ. Code, § 1714.10**;** italics
45        added.) We note further that the existence of other coconspirators, who
46        are neither attorneys nor clients, does not preclude the applicability of the

Memorandum In Support of                 6
Motion To Dismiss

1  section. It is frequently the case that alleged attorney-client conspiracies
2  involve third parties. . . . "
3
4  Pierce v. Lyman (1991) 1 Cal. App. 4th 1093, 1109-1110
5
6  Because a pleading filed in violation of Civil Code section 1714.10 is
7
8  **NOT ALLOWED**, any party named in such a pleading is entitled to demur
9
10  to such a cause of action:
11
12  "Insofar as section 1714.10 is concerned, respondents' civil conspiracy
13  count must survive or fall as a single unit. In this case it fails because it
14  includes PMS, which is entitled to the protections of the prefiling
15  procedures. The conspiracy cause of action was therefore an
16  unauthorized filing, no better than a courtroom trespasser, and subject to
17  a motion to strike. Sustaining the special section 1714.10 demurrer in
18  these circumstances has the same effect as granting a motion to strike an
19  unauthorized pleading: the subject of the demurrer is no longer a pleading
20  and may not be treated as one. (E.g., Code Civ. Proc., § 436, subd. (b)
21  [court may strike "all or any part of any pleading not . . . filed in conformity
22  with the laws of this state"]; 5 Witkin, Cal. Procedure, *supra*, Pleading, §
23  940, p. 398 ["the demurrer destroys the complaint as a pleading"]; 49
24  Cal.Jur.3d, Pleading, § 220, p. 668.) Appellants' demurrer should have
25  been sustained."
26
27  *Evans v. Pillsbury, Madison & Sutro* (1998) 65 Cal. App. 4th 599, 607.
28
29  As the foregoing authorities indicate, Civil Code Section 1714.10 is part of
30
31  the substantive law of CA, which must be applied by federal courts sitting in CA,
32
33  absent a contrary federal law or rule.
34
35  Because plaintiff has filed a pleading in a California district court which
36
37  alleges a conspiracy between three attorneys and  their clients,  this case must
38
39  be dismissed for plaintiff's noncompliance with with Civil Code Section 1714.10.
40
41  **C .    THE ACTION IS BARRED BY CALIFORNIA  CODE OF CIVIL**
42  **PROCEDURE SECTION 425.16, SINCE IT IS BROUGHT**
43  **AGAINST DEFENDANTS FOR ENGAGING IN**
44  **CONSTITUTIONALLY-PROTECTED ACTIVITIES, INCLUDING**
45  **LITIGATION, AND PLAINTIFF CANNOT FACTUALLY SHOW A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46

## REASONABLE PROBABILITY OF PREVAILING ON SUCH CLAIMS

The complaint herein alleges vexatious litigation by defendants

of which the only examples plaintiff gives are actions in TEXAS and FLORIDA

**[Complaint. Para.  25, 29, 31, 32, 33, 34, 35, 36, 37, 38, 41]**

California Code of Civil Procedure Section 425.16 provides

(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.
   (b) (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
   (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
   (3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.
   (c) In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. . . .
   . . .
   (e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official

Memorandum In Support of          8
Motion To Dismiss

1   proceeding authorized by law; (2) any written or oral statement or
2   writing made in connection with an issue under consideration or
3   review by a legislative, executive, or judicial body, or any other
4   official proceeding authorized by law; (3) any written or oral
5   statement or writing made in a place open to the public or a public
6   forum in connection with an issue of public interest; (4) or any
7   other conduct in furtherance of the exercise of the constitutional
8   right of petition or the constitutional right of free speech in
9   connection with a public issue or an issue of public interest. . . .
10
11
12          "Section 425.16, subdivision (b)(1) defines the types of claims that are
13          subject to the anti-SLAPP procedures. These claims include causes of
14          action "*arising from*" an "*act of that person in furtherance of the person's*
15          *right of petition . . . under the United States or California Constitution in*
16          *connection with a public issue*." (§ 425.16, subd. (b)(1), italics added.)
17
18          "It is well established that filing a lawsuit is an exercise of a party's
19          constitutional right of petition. . . . ' [T]he constitutional right to petition . . .
20          includes the basic act of filing litigation or otherwise seeking administrative
21          action.' . . .  Further, the filing of a judicial complaint satisfies the 'in
22          connection with a public issue' component of section 425.16, subdivision
23          (b)(1) because it pertains to an official proceeding. . . ."
24
25   *Chavez v. Mendoza* (2001)  94 Cal. App. 4th 1083, 1087**,** some internal quotation
26
27   marks omitted.
28
29          Since defendants are being sued in a federal court sitting in CA for
30
31   litigation activities, this case is subject to the provisions of California CCP Section
32
33   425.16.
34
35          "Section 425.16 posits instead a two-step process for determining whether
36          an action is a SLAPP. First, the court decides whether the defendant has
37          made a threshold showing that the challenged cause of action is one
38          arising from protected activity. (§ 425.16, subd. (b)(1).) 'A defendant
39          meets this burden by demonstrating that the act underlying the plaintiff's
40          cause fits one of the categories spelled out in section 425.16, subdivision
41          (e)' . . . . If the court finds that such a showing has been made, it must
42          then determine whether the plaintiff has demonstrated a probability of
43          prevailing on the claim. (§ 425.16, subd. (b)(1) . . .)"
44
45   *Navellier v. Sletten* (2002) 29 Cal. 4th 82, 88.
46

Memorandum In Support of            9
Motion To Dismiss

1
2          Since the Complaint arises out of constitutionally protected litigation
3
4    activities "the burden shifts to the plaintiff to show a probability of prevailing in the
5
6    litigation." *Shekhter v. Fin. Indem. Co., supra,* 89 Cal. App. 4th at p. 151.
7
8          To meet this burden, plaintiff  "must demonstrate that
9
10   the complaint is both legally sufficient and supported by a sufficient
11
12   prima facie showing of facts to sustain a favorable judgment if the
13
14   evidence submitted by the plaintiff is credited." *Navellier, supra,*  29
15
16   Cal. 4th at pp.  88-89, citations and internal quotation marks omitted.
17
18          Here, the plaintiff has not even alleged – much less proven – a prima
19
20   facie case.
21
22                              **CONCLUSION**
23
24          For all of the foregoing reasons, this action must be dismissed
25
26
27
28   DATED: 12/19/07
29
30                              _____
31                              ARLO H. SMITH , Attorney for Matthew D.
32                              Sawyer
33
34
35
36
37
38
39
40
41
42
43
44
45